J-S52019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENDALL WILLIAMS, | |
| Appellant | No. 2194 EDA 2012 |

Appeal from the PCRA Order July 10, 2012
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0007004-2005

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 22, 2016**

Appellant, Kendall Williams, appeals *pro se* from the July 10, 2012 order entered in the Court of Common Pleas of Montgomery County ("PCRA court") denying relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellant raises five issues on appeal. Upon review, we affirm.

The PCRA court summarized the factual and procedural history as follows.

> On July 9, 2007, Appellant appeared before the Honorable Paul W. Tressler and entered into an open guilty plea to attempted murder and possessing an instrument of crime. All remaining counts were nolle prossed. On October 12, 2007, Judge Tressler imposed a seventeen and one-half (17½) to

_____

[*] Retired Senior Judge assigned to the Superior Court.

thirty-five (35) year sentence, with a five (5) year consecutive probation [sentence]. Appellant, through counsel, filed a "Petition to Reinstate Appellate Rights Nunc Pro Tunc" on July 15, 2008. Appellant's sentence was affirmed through a Superior Court order dated June 26, 2009.

On May 26, 2010, Appellant filed a [m]otion for [p]ost-[c]onviction [c]ollateral [r]elief, in which he alleged both trial counsel's (John Armstrong) and appellate counsel's (Bonnie-Ann Brill Keagy) ineffectiveness prejudiced him. On June 2, 2010, Judge Tressler appointed James Tone, Esquire to represent Appellant in this matter. On August 17, 2010, Judge Tressler entered an order granting Attorney Tone an additional thirty days to review the record or file an amended petition. From [the PCRA court's] review of the record, it seems that Appellant then filed a complaint against Attorney Tone with the Disciplinary Board and the matter was placed on hold. Attorney Tone filed a detailed "no merit" letter, dated January 17, 2012, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) as well as a petition to withdraw as counsel, stating that in his opinion [Appellant] is not entitled to relief under the PCRA. Following the [PCRA court's] independent review of the record, [the PCRA court] concurred with Attorney Tone's review of the case. However, it was [the PCRA court's] belief that there may have been some merit as to the limited issue of [Armstrong's] alleged failure to call character witnesses at Appellant's sentencing. Through an order dated March 2, 2012, [the PCRA court] required Attorney Tone to file an amended petition on this issue only and the Commonwealth to thereafter file a response. After considering both documents, [the PCRA court] concluded that the issue was meritless, there were no genuine issues of material fact, that [Appellant's] PCRA petition should be dismissed without a hearing and consequently entered its 907(1) Notice on April 3, 2012.

On May 9, 2012, the [PCRA court] received Appellant's response to its 907(1) Notice, which prompted the [PCRA court] to have a limited evidentiary hearing on July 3, 2012 regarding the issue of Appellant's request for petition for allowance of appeal. After receiving all documents regarding the issue, the [PCRA court] found the issue was meritless and issued its [f]inal [o]rder of [d]ismissal on July 10, 2012.

PCRA Court Opinion, 8/28/2012, at 1-2 (footnotes omitted). Appellant filed the instant appeal on August 7, 2012 and a 1925(b) statement on August 27, 2012. The PCRA court filed a 1925(a) opinion on August 28, 2012.[1]

Appellant raises five issues on appeal that this Court quotes verbatim.

I.      Whether the PCRA Court erred in denying appellant relief for being sentenced by the [PCRA] court within the aggravated range of the guidelines and enhanced on the basis of charges that were (nolle prossed) dismissed and sentenced excessively beyond fundamental norms and predicated on improper factors while discarding remorse and penalized for a statutorily reiterated allocution.

II.     Whether the PCRA Court erred in denying [A]ppellant relief for being sentenced by the [PCRA] court for misapplication of the sentencing guidelines in computing the OGS and PRS to sentence on the crime alone.

III.    Whether the PCRA Court erred in denying [A]ppellant's "Motion for Change of Appointed PCRA Counsel" subject to meritorious "Office of Disciplinary Counsel" (ODC) claims for subverting appellate relief by unilaterally amended PCRA Petition coupled with ineffectiveness of self and trial counsel.

IV.     Whether the PCRA Court erred in denying appellant relief for failing to find trial counsel ineffective in trial and sentencing matters individual and cumulative coupled with preoccupation of undisclosed serious personal issues while not objecting to appellant's prejudicial and error plagued PSI, misrepresenting an involuntary, unknowing, and/or unintelligent plea agreement with stand mute provision and Sixth Amendment Constitutional witness cross-examination violations, illegal mandatory minimum notice, and contrary to specific requests of record failure to

_____

[1] This matter languished in this Court for four years because Appellant filed numerous applications for relief and motions for reconsideration from the denial of those applications.

provide critical expert and character mitigation witnesses, denied pursuit of forensic defense option recommended by approved experts and failure to file post-sentencing motions.

V. Whether the PCRA Court erred in denying [A]ppellant relief for failing to find direct [appeal] counsel ineffective for improper pursuit of post sentencing motions, discretionary sentencing including ineffectiveness of trial counsel and for not pursuing claims and/or seeking "Petition for Allowance of Appeal" (PAA) in the PA Supreme Court.

Appellant's Brief at 20-21.

Appellant's first two issues are challenges to the discretionary aspects of sentencing, namely Appellant asserts that he was sentenced in the aggravated range. A challenge to the discretionary aspects of sentencing is not a cognizable claim under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (citations omitted); 42 Pa.C.S.A. § 9543. A challenge to the legality of sentence is a cognizable claim under the PCRA; however, Appellant is not asserting that his sentence is illegal. Appellant's first two claims are not cognizable under the PCRA; therefore, Appellant's claims fail. Additionally, Appellant's second claim was not raised in his 1925(b) statement; therefore, Appellant's claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii).

Appellant's third claim asserts the PCRA court erred when it denied Appellant's motion for change of appointed PCRA counsel. Appellant's argument is disjointed and unclear; however, as far as this Court can discern, Appellant is claiming that Attorney Tome filed a *Turner*/*Finley* letter in retaliation for Appellant filing a complaint against Attorney Tome

with the Pennsylvania Disciplinary Board. Upon our review of the record, Attorney Tome filed the ***Turner/Finley*** letter prior to Appellant requesting new PCRA counsel. Moreover, Appellant consented to Attorney Tome representing him at the July 3, 2012 evidentiary hearing. This hearing occurred after Attorney Tome filed the ***Turner/Finley*** letter. Therefore, Appellant's claim lacks merit as it has no support in the record.

Appellant's fourth claim consists of numerous claims of ineffective assistance of counsel. A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the '***Pierce***[2] test,' or the claim fails." ***Id.*** "[O]n appeal, a petitioner must adequately discuss all three factors of the '***Pierce***' test or the appellate court will reject the claim." ***Id.***

As far as this Court can discern, Appellant asserts that trial counsel was ineffective for 1) being preoccupied with a serious family illness, 2)

_____

[2] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

failing to object to the veracity of the PSI, 3) failing to follow an open-plea agreement, 4) failing to object to a mandatory minimum sentence, 5) failing to call a character witness at sentencing, and 6) failing to file post-sentence motions. Appellant failed to address the second and third prongs of the *Pierce* test for any of these allegations; therefore, Appellant's claims of ineffective assistance of counsel fail.

Finally, Appellant asserts that direct appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal. Appellant's claim lacks merit as the "general rule of deferral to PCRA review remains the pertinent law on the appropriate timing of review of claims of ineffective assistance of counsel." *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). There are only two exceptions to *Holmes*. The first is when the claim is both meritorious and apparent such that immediate consideration or relief is warranted. *Id.* at 577. The second applies only when there are multiple claims of trial counsel ineffectiveness and the defendant expressly waives PCRA review. *Id.* at 563-64. Appellant failed to establish that either of these circumstances existed; therefore, direct appellate counsel could not have been ineffective for failure to raise ineffectiveness claims on direct appeal. Appellant's claim fails.

As all of Appellant's claims lack merit,[3] we find the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed. Application for relief denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016

---

[3] Appellant filed an application for relief seeking permission to file a reply brief that exceeds the page limit and an extension of time to file such brief on November 3, 2016. In light of the foregoing, Appellant's application is denied.